NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MORTON TREDGE, PETITIONER, v. LINDE & GRIFFITH COMPANY, RESPONDENT.

### Admiralty Jurisdiction—Compensation Barred by Statutory Limitations.

On order dismissing case on motion of respondent.

For the petitioner, *Cyril J. McCauley.*

For the respondent, *Richard W. Baker.*

A petition having been filed in the above matter on June 26th, 1926, asking for compensation under the terms of the Compensation law of this state, and an answer having been duly filed, the same came on for a hearing before me in Newark on December 1st, on the motion of the respondent to dismiss the petition on the grounds that the compensation bureau had no jurisdiction, as the case was one coming under the Admiralty law, and, further, on the grounds that even as a compensation case the case is barred by the statute of limitations.

The attorney for the respondent argued that as the accident happened on board a scow on navigable water it was a case that clearly came under admiralty jurisdiction, and, therefore, that this bureau has no jurisdiction of this case. Further, he argued that as the last payment of compensation was made to the petitioner on January 6th, 1925, the case is barred by the statute of limitations. The attorney for the petitioner did not argue on the admiralty question, but, as to the other question, argued that the payment was made to the petitioner on December 29th, 1925, of $100, and that though this was alleged to have been made by the respondent as a payment towards medical expense, and though the petitioner gave a receipt for the same admitting that it was merely a voluntary contribution towards medical expenses, it actually should be classed as a compensation payment, and, therefore, the case not barred by the statute of limitations.

After going into the matter thoroughly, I find that the $100 paid in December, 1925, was merely a contribution towards medical expense, and that, therefore, the case is barred by the statute of limitations, and that this case should be dismissed without taking up or deciding as to whether or not this is an admiralty claim, over which this court has no jurisdiction.

Accordingly, I order that the case be dismissed, without costs to either party.

HARRY J. GOAS,
*Deputy Commissioner.*